**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 17 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JONATHAN CARO-BALDERRAMA, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 23-2072 <br><br> Agency No. A204-678-497 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2024[**]
San Francisco, California

Before: HIGGINSON, [***] MENDOZA, and DESAI, Circuit Judges.

Petitioner Jonathan Caro-Balderrama, a citizen of Mexico, appeals from a

Board of Immigration Appeals ("BIA") order, which dismissed his appeal of an

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Stephen A. Higginson, United States Circuit Judge for the Court of Appeals, 5th Circuit, sitting by designation.

order from an immigration judge ("IJ") that denied his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Petitioner does not appeal the BIA's ruling that his asylum claim was untimely. Instead, Petitioner challenges the agency's denial of withholding of removal, arguing that the agency failed to engage in the required particularized analysis of his proposed particular social groups ("PSGs"). Further, Petitioner argues that the BIA erred in holding that he does not have a well-founded fear of future persecution. Petitioner also makes a cursory argument for CAT relief. We have jurisdiction to review Petitioner's appeal under 8 U.S.C. § 1252.

We review the BIA's determination that an applicant is ineligible for "withholding of removal under the highly deferential 'substantial evidence' standard." *Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010) (citing *INS v. Elias-Zacarias*, 502 U.S. 478, 481(1992)). Whether a proposed PSG is cognizable is reviewed de novo. *Aguilar-Osorio v. Garland*, 991 F.3d 997, 999 (9th Cir. 2021). The underlying factual findings, including determinations of social distinction and the agency's CAT determination, are reviewed for substantial evidence. *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020).

Petitioner challenges the BIA's determination that the two PSGs that he has proffered were not cognizable: (1) "family members of an individual who revealed their information to a criminal organization in Mexico" and (2) "Americanized

Mexicans from time of toddlerhood."

A PSG must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Cordoba v. Barr*, 962 F.3d 479, 482 (9th Cir. 2020) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)). Evidence of a group's social distinction can include "country conditions reports, expert witness testimony, and press accounts of discriminatory laws and policies, historical animosities, and the like." *Acevedo Granados v. Garland*, 992 F.3d 755, 763-64 (9th Cir. 2021). This court has continually rejected the second group Petitioner proposes, Americanized Mexicans. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (rejecting the PSG of "returning Mexicans from the United States"); *see also Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228–29 (9th Cir. 2016) (rejecting PSG of "those who have the physical appearance and mannerisms of Americans"). While Petitioner states that the category he proposes is "narrower" than the PSGs previously rejected by this court because it encompasses only those who are "raised in [the United States] from toddlerhood," he does not provide any evidence to support this distinction.

As for Petitioner's first proposed PSG, even if this court were to accept its cognizability, a petitioner has the burden to prove that a nexus exists between a PSG of which he is a member and the persecution that he has suffered or fears he

will suffer. *See Khudaverdyan v. Holder*, 778 F.3d 1101, 1106 (9th Cir. 2015). We find no fault with the BIA's holding that Petitioner "did not sufficiently explain the requisite nexus as to how any familial relationship caused him to suffer any past persecution or would cause future persecution to him." Petitioner does not contest the BIA's findings that he had never been threatened by or even had any contact with his cousin Julio, whom he believes to be a gang member. Nor has he demonstrated that the persecution that he fears in the future—a real abduction by the same parties who attempted to extort money from his family members in 2015 by falsely claiming they had kidnapped him—would be conduct that the Mexican government was "unable or unwilling to control." *Navas v. INS*, 217 F.3d 646, 655-56 (9th Cir. 2000) (internal citation and quotation marks omitted). Because Petitioner cannot show that he is eligible for asylum, the BIA correctly determined that he is also ineligible for withholding of removal under its higher standard of proof. *See Ming Xin He v. Holder*, 749 F.3d 792, 795 (9th Cir. 2014).

Finally, to receive relief under CAT, an applicant must establish that "it is more likely than not that he or she would be tortured if removed," and that such torture would be undertaken "at the instigation of, or with the consent or acquiescence of, a public official." *Hernandez v. Garland*, 52 F.4th 757, 769 (9th Cir. 2022) (quoting 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1)). Substantial evidence supports the BIA's conclusion that Petitioner failed to demonstrate

eligibility for CAT relief.

**PETITION DENIED.**